**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| ALI GADELHAK, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) ) | |
| AT&T CORP., ) ) ) ) | JURY DEMAND |
| Defendant. ) | |

**CLASS ACTION COMPLAINT**

1.   Plaintiff brings this action for damages, and other legal and equitable remedies, against AT&T Corp. ("AT&T"or "Defendant") for negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone using an automated telephone dialing system via text message without his prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA"). The TCPA prohibits the use of automated telephone dialing systems to send text messages to cellular telephones without prior express consent.

2.   The Pew Research Center has reported 69 percent of cellular users who use text messaging receive unwanted text message spam with 25 percent of them on a weekly basis. Plaintiff is one such person.

3.   By effectuating these unauthorized text message calls (also known as "SMS Messages"), Defendant has caused Plaintiff and members of the putative class actual harm, not only because consumers were subjected to the aggravation, waste of time and invasion of privacy that necessarily accompanies mobile spam, but also because consumers

1

frequently have to pay their cell phone service providers for the receipt of such spam and such messages diminish cellular battery life and waste data storage capacity.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction under 28 U.S.C. §1331 & §1337 (general federal question jurisdiction) and 47 U.S.C. §227 (TCPA) (*see Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012) (recognizing that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA). Venue in this District is proper because Plaintiff is located in this district and Defendant AT&T transacts business here.

## PARTIES

5.  Plaintiff Ali Gadelhak is, and at all times mentioned herein was, an individual citizen and resident of Chicago, Illinois.

6.  AT&T is, and at all times mentioned herein was, a New York corporation that maintains its headquarters at 208 S. Akard St., Dallas, TX 75202. Its registered agent in Illinois is CT Corp. System 208 S. LaSalle St., Suite 814, Chicago, Il. 60604.

7.  AT&T is the largest communications holding company in the world by revenue. AT&T does substantial business throughout the country, including placing telephone calls in this District.

## A BRIEF OVERVIEW OF TEXT MESSAGING

8.  In recent years, companies including survey companies who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and email have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

9. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 120 - 500 characters.

10. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

11. The open rate for SMS messages exceeds 99 percent, and 90 percent of those messages are read within three minutes. Conversely, the open rate for email in the retail industry is 31 percent.

12. Unlike more conventional advertisements, SMS calls, and particularly wireless or mobile spam, can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

13. Most commercial SMS messages are sent from "short codes" (also known as "short numbers"), which are special cellular telephone exchanges, typically only five or six digit extensions, that can be used to address SMS messages to mobile phones. Short codes are usually only used to send messages in bulk or to send automated messages.

14. A short code is sent to consumers along with the actual text message and conclusively reveals the originator of the SMS message.

## .THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

15. In 1991, Congress enacted the TCPA, 47 U.S.C. § 227, *et seq.*, in response to a growing number of consumer complaints regarding certain telemarketing practices.

16. The TCPA regulates, among other things, the use of unsolicited text messages to cellular telephones. Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of prerecorded or artificial voice to a wireless number in the absence of an emergency or the prior express consent of the called party. 47 U.S.C. §227(a)(1).

17. Text messages are "calls" within the context of the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009).

18. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. *See FCC, Rules and Regulations Implementing the Telephone Consumer Protection Act (TCPA) of 1991*, FCC 03-153, 68 Fed. Reg. 44144, 44165 (July 25, 2003) ("2003 FCC Ruling"). The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Id.*

## FACTS

19. At all times relevant, Plaintiff was an individual residing Chicago in the State of Illinois. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

20. Plaintiff's cellular telephone number at all relevant times was XXX-XXX-9978 and was assigned to a cellular telephone service as specified in 47 U.S.C. §227(b)(1)(A)(iii).

21. Plaintiff's cellular telephone number has been registered to the National Do Not Call Registry since May 23, 2014.

22. On July 15, 2016, AT&T sent or caused to be sent from short code number 362-673 a text message customer satisfaction survey to Plaintiff's cellular telephone number. The message was in Spanish and stated:

> "Gracias por llamar a AT&T. En breve recibira unos mensajes para opinar acerca de su llamada.
> Cuan probable recomendaria los sericios de AT&T a un amigo o familiar en una escala del 10 al 1?"

23. Plaintiff is not an AT&T customer and has no relationship to AT&T nor does Plaintiff speak Spanish.

24. Plaintiff responded to AT&T's text message inquiring from whom the message was sent.

25. In response to Plaintiff's question regarding the sender's identity, AT&T sent or caused to be sent a text message in Spanish that appears to be the next question in the customer service survey. It stated:

> "Gracias. Cuan satisfecho esta con el manejo general de la llamada po Catherine Miche en escala del 10 al 1? 10 = muy satisfecho a 1 = muy insatisfacho"

26. Plaintiff again responded inquiring from whom the message was sent and stating that he does not speak Spanish.

27. In response AT&T sent another text message which appears to be a continuation of the survey.

> "Gracias. Cuantas veces tuvo que contactar AT&T para resolver su solicitud?
> 1. Uno

5

  2. Mas de uno
  3. Todavia no se ha resuelto"

28. The messages which AT&T sent to Plaintiff's cellular telephone were sent using an automated telephone dialing system as evidence by the use of a short code to send the messages as well as the automated responses that Plaintiff received in response to his questions.

29. AT&T is, and at all times mentioned herein was a person, as defined by 47 U.S.C. § 153(39).

30. The complained of text messages are not exempt from TCPA liability as they were not made for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

31. Plaintiff also did not provide "express consent" allowing Defendant to place telephone calls or text messages to Plaintiff's cellular phone utilizing an automated telephone dialing system.

32. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute, because they are in the best position to determine how they obtained the telephone number.

## **COUNT I – CLASS TCPA CLAIMS (CELLULAR CALLS)**

33. Plaintiff incorporates the above factual allegations herein.

34. Defendant sent or caused to be sent automated text messages to the wireless telephone numbers of Plaintiff and the other members of the class using an automated telephone dialing system.

35. These text messages were sent without the prior express consent of Plaintiff or the Class.

36. The Defendants therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system. . ." As a result of the Defendants' illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

37. Because the Defendant's misconduct was willful and knowing, the Court should pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the Class.

38. Plaintiff and Class Members are also entitled to and do seek injunctive relief prohibiting the Defendants' violations of the TCPA in the future.

## **CLASS ALLEGATIONS**

39. Plaintiff proposes the following class and sub-class definitions, subject to amendment as appropriate:

> All persons in the United States (2) to whose cellular telephone number (3) AT&T placed a non-emergency text message (4) using an automatic telephone dialing system (5) during a time period beginning four years before the filing of this complaint (6) where AT&T did not have consent to send such text message.
>
> Survey Call Sub-Class
>
> (1) All persons in the United States (2) to whose cellular telephone number (3) AT&T sent a customer satisfaction survey text message (4) using the system(s) that sent the text to Plaintiff (5) during a time period beginning four years before the filing of this complaint (6) where the person was not an AT&T customer.

40. Plaintiff does not know the exact number of members in the Classes, but based upon the size of Defendant, the automated nature of the texts and the use of a SMS to send the texts, Plaintiff reasonably believes that class members number at minimum in the thousands if not tens of thousands.

41. Plaintiff and all members of the Classes have been harmed by the acts of the defendants.

42. This Class Action Complaint seeks money damages and injunctive relief.

43. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Classes can be identified easily through records maintained by the Defendants.

44. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether AT&T sent non-emergency text messages to plaintiff's and class members' cellular telephones using an automatic telephone dialing systems;

    b. Whether Defendant can meet their burden of showing they obtained prior express consent (i.e., consent that is clearly and unmistakably stated) to make such calls;

    c. Whether Defendant's conduct was knowing and/or willful;

    d. Whether Defendant is liable for damages, and the amount of such damages; and

e. Whether the Defendant should be enjoined from engaging in such conduct in the future.

45. As a person who received text messages on his cellular telephone number which were sent using an automatic telephone dialing system, without his prior express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each class member. Plaintiff will fairly and adequately represent and protect the interests of the class, and he has no interests which are antagonistic to any member of the class.

46. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

47. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendant to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against the Defendant is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

48. The Defendant has acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class Members and against the Defendant for:

1. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;
2. A declaration that AT&T used an ATDS to call the Plaintiff;
3. An injunction requiring Defendant not to call any numbers without consent;
4. An injunction requiring Defendant to file quarterly reports of third party audits with the Court on its system and procedures not to call numbers without consent;
5. An award of actual damages or an award of statutory damages for Plaintiff and each Class member in the amount of $500.00 for each and every call that violated the TCPA;
6. An award of treble damages, as provided by statute, of up to $1,500.00 for Plaintiff and each Class member for each and every call that violated the TCPA;
7. An order certifying this action to be a proper class action pursuant to the Federal Rules of Civil Procedure 23, establishing the appropriate Classes and any Sub-classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;
8. Such further and other relief the Court deems reasonable and just.

Respectfully submitted,

/s/ Keith J. Keogh

Keith J. Keogh
Timothy J. Sostrin
Michael Hilicki
Keogh Law, Ltd.
55 W. Monroe St, Suite 3390
Chicago, Illinois   60603
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Keith J. Keogh